NO. 07-06-0351-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 19, 2007
_____

ARTHUR E. JACKSON AND JUDITH A. JACKSON, APPELLANTS

V.

HANCOCK & CANADA, L.L.P., KENT CANADA
AND RUBEN L. HANCOCK, APPELLEES
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 55453B; HONORABLE DAVID L. GLEASON, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellants, Arthur E. and Judith A. Jackson, appeal an Order granting appellees',

Hancock & Canada, LLP, Kent Canada, and Reuben L. Hancock (collectively "H&C"),

motion for summary judgment and dismissing the Jacksons' claims with prejudice. We

affirm.

## Background

In 1981, the Jacksons purchased their home and the 6.426 acre tract of land upon which the home was situated from the Woosleys. The Woosleys secured their interest in the transaction by a Vendor's Lien and a Deed of Trust. In 2003, the Woosleys initiated foreclosure proceedings. The Jacksons hired H&C to assist them in avoiding foreclosure. To that end, the Jacksons obtained the agreement of Cervi Livestock Company (Cervi) to buy out the Woosleys and assume their lien position in regard to the property. The Woosleys agreed to stop foreclosure proceedings upon receipt of sufficient sums to buy out their interest in the property. To effectuate the transaction, Cervi delivered a certified check in the amount of $28,000 payable to H&C. On the date of the foreclosure sale, the funds were not delivered to the Woosleys to buy out their lien. As a result, the foreclosure sale was held and the property was sold. The purchaser of the home personally informed the Jacksons that he had purchased their home and demanded that they immediately move off of the property.

Soon after the foreclosure sale, the Jacksons filed for Chapter 11 bankruptcy. When the Jacksons filed their mandatory bankruptcy schedules as part of that proceeding, they omitted any potential claim against H&C. In a subsequent deposition, however, Arthur Jackson testified that he had a potential lawsuit against H&C. However, the bankruptcy schedules were not amended to disclose this potential asset. Three months after Arthur's deposition, the bankruptcy was dismissed by agreement. The dismissal did not discharge the Jacksons from any debt.

In December 2004, the Jacksons filed the instant suit against H&C. By their suit, the Jacksons alleged professional negligence and breaches of fiduciary duty. In May 2005, H&C filed a motion for traditional summary judgment on the basis of judicial estoppel. The Jacksons filed a response to this motion with attached evidence. On August 7, 2005, the trial court entered an Order granting H&C's summary judgment motion and dismissing the Jacksons' claims with prejudice. The Jacksons timely filed Notice of Appeal.

By their appeal, the Jacksons contend that the trial court erred in granting H&C's motion for summary judgment based on its finding that the Jacksons were judicially estopped from pursuing their claims. The Jacksons also contend that finding judicial estoppel in this case would not promote the public policy behind the doctrine. Because we conclude that H&C established their entitlement to summary judgment as a matter of law, we affirm.

Standard of Review

A party may prevail on a summary judgment motion by conclusively establishing the absence of any genuine issue of a material fact and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). If the summary judgment movant is a defendant, the movant must conclusively negate at least one of the elements of the non-movant's cause of action or must conclusively prove each element of an affirmative defense. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). We review the granting of a traditional summary judgment motion *de novo*, applying the standards set out in Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

3

A. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

B. In determining whether there is a disputed issue of material fact precluding summary judgment, evidence favorable to the non-movant will be taken as true.

C. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

H&C moved for summary judgment on the basis of the affirmative defense of judicial estoppel. See Anadarko Petroleum Corp. v. Thompson, 94 S.W.3d 550, 553 (Tex. 2002). Thus, to be entitled to summary judgment, H&C had the burden to prove each element of the defense as a matter of law. Randall's Food Markets, Inc., 891 S.W.2d at 644. If H&C presented sufficient evidence to establish its right to summary judgment, the burden of production shifts to the Jacksons to present evidence which raises a genuine issue of material fact as to at least one element of the affirmative defense. See Dallas Sales Co. v. Carlisle Silver Co., 134 S.W.3d 928, 932 (Tex.App.–Waco 2004, pet. denied).

Judicial Estoppel

Judicial estoppel is a common law principle that applies when a party contradicts his or her own sworn statement given in prior litigation. See Stewart v. Hardie, 978 S.W.2d 203, 208 (Tex.App.–Fort Worth 1998, pet. denied). The purpose of the doctrine is to protect the integrity of the judicial process, rather than the litigants. Id. Because H&C alleges that the Jacksons previously took an inconsistent position in a bankruptcy filing, we will apply the federal law of judicial estoppel to "promote the goal of uniformity and predictability in bankruptcy proceedings." Andrews v. Diamond, Rash, Leslie & Smith, 959

4

S.W.2d 646, 649 n.1 (Tex.App.–El Paso 1997, writ denied). Under federal law, a party which has assumed one position in its pleadings may be estopped from asserting a contrary position in a subsequent proceeding if: (1) the positions are clearly inconsistent, (2) the court in the prior proceeding accepted the position, and (3) the prior position was asserted intentionally rather than inadvertently. See In re Coastal Plains, Inc., 179 F.3d 197, 206-07 (5th Cir. 1999); Dallas Sales Co., 134 S.W.3d at 930. Again, to be entitled to summary judgment, H&C had to establish each element of this affirmative defense as a matter of law. Randall's Food Markets, Inc., 891 S.W.2d at 644.

A.      Clearly Inconsistent Positions

Debtors in a bankruptcy case have an absolute duty to report whatever interests they hold in property, even if they believe the asset is worthless or unavailable to the bankruptcy estate. Stewart, 978 S.W.2d at 208 (citing In re Yonikus, 974 F.2d 901, 904 (7th Cir. 1992)). When a cause of action accrues before the date the bankruptcy petition is filed, the claim is an interest that the debtor possesses when he or she files the bankruptcy petition. Id. The duty to disclose assets in a bankruptcy proceeding is continuous. In re Coastal Plains, Inc., 179 F.3d at 208. If the debtor has enough information to suggest that it may have a possible cause of action, then it is a known cause of action and must be disclosed. Id. The omission of a known cause of action from the debtor's mandatory bankruptcy filings is tantamount to a representation that no such claim existed. In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004).

5

The Jacksons acknowledge that they failed to identify their potential cause of action against H&C in their mandatory bankruptcy filings.  Further, the deposition of Arthur Jackson demonstrates that the Jacksons were aware of this cause of action during the pendency of the bankruptcy.  As such, the Jacksons had a duty to disclose this asset. Looking solely to the "clearly inconsistent" element of the defense of judicial estoppel, the Jacksons' failure to identify the present claim as an asset in their mandatory bankruptcy filings is clearly inconsistent with the filing of the present claim, which seeks $323,050 in actual damages, as a matter of law.

The Jacksons contend that Arthur Jackson's disclosure of this claim during his bankruptcy deposition is sufficient evidence to create a material fact issue as to whether the Jacksons actually took a position in their bankruptcy that was inconsistent with their present suit.  However, contrary to the assertion in the Jacksons' brief that "creditors, trustee, and the Court were all aware of the possibility of this suit," nothing in the appellate record indicates that either the trustee or bankruptcy judge were present for the deposition of Arthur Jackson nor that either were made aware of the disclosure of the Jacksons' potential claims against H&C.  Further, the Jacksons have identified no authority to support their position that Arthur's deposition disclosure was sufficient to excuse them from their continuing duty to amend their schedules.  See In re Coastal Plains, Inc., 179 F.3d at 208.

B.     Prior Inconsistent Position Accepted by the Court

A court's acceptance of a party's position does not require the entry of a formal judgment; rather, it is sufficient if the court accepts the position urged by the party, even

6

in regard to a preliminary matter. In re Superior Crewboats, Inc., 374 F.3d at 335. While the present case does not involve the entry of final judgment on the merits, we conclude that the bankruptcy court's dismissal of the bankruptcy action necessitated an acceptance of the Jacksons' prior inconsistent position.

In the "Agreed Order Dismissing Case," the bankruptcy court states, "Based on the allegations in the Motion [to Dismiss or Convert to Chapter 7], it appears there is cause under 11 U.S.C. § 1112(b) to dismiss this case."[1] A motion to dismiss pursuant to 11 U.S.C. § 1112(b) requires the bankruptcy court to engage in a two-step analysis. The first step is to determine whether "cause" exists to dismiss and the second step is to determine whether dismissal is "in the best interest of creditors and the estate." See Monroe Bank & Trust v. Pinnock, 349 B.R. 493, 497 (E.D. Mich. 2006). The trustee's motion to dismiss, upon which the bankruptcy court relied, alleges that cause existed to dismiss the Jacksons' Chapter 11 bankruptcy because the Jacksons had no means with which to effectuate a reorganization within a reasonable or foreseeable time. See 11 U.S.C.A. § 1112(b)(1), (2) (2004). The Jacksons' Summary of Schedules filed with the bankruptcy court, but omitting the current claim against H&C, indicate that the Jacksons claimed to have assets valued at slightly more than $6,000 over their stated liabilities, but with monthly expenses that were nearly $1,000 more than their monthly income. Thus, the only reasonable inference

[1] The dismissal of the Jacksons' bankruptcy occurred prior to the passage of the Bankruptcy Reform Act of 2005.

As relevant to the present case, 11 U.S.C. § 1112(b) provided that a Chapter 11 bankruptcy may be dismissed for cause if dismissal is in the best interest of creditors and the estate. See 11 U.S.C.A. § 1112(b) (2004). Of the 10 "causes" specifically identified in the statute, each relates to the prospective viability of the reorganization of the estate.

7

that may be drawn from the bankruptcy court's dismissal due to a lack of means with which to effectuate a reorganization is that the court accepted the Jacksons' schedules, which omitted their claim for $323,050 in actual damages against H&C. See Brown v. Swett & Crawford of Texas, Inc., 178 S.W.3d 373, 381 (Tex.App.–Houston[1st Dist.] 2005, no pet.) (holding that a dismissal on the basis that assets were of no value is an acceptance of debtor's position). As such, we conclude that, as a matter of law, the bankruptcy court accepted the Jacksons' omission of their claims against H&C when it dismissed the bankruptcy.

The Jacksons contend that the bankruptcy court was never required to accept or reject their position with regard to the omission of their claims against H&C because their bankruptcy was dismissed by agreement. However, nothing in 11 U.S.C. § 1112(b) provides a bankruptcy court authority to dismiss a Chapter 11 bankruptcy on the agreement of the debtor and the trustee. See 11 U.S.C.A. § 1112(b) (2004). The plain language of section 1112 does not grant the debtor the right to convert or dismiss the case unilaterally. See Monroe Bank & Trust, 349 B.R. at 497. Rather, a dismissal pursuant to 11 U.S.C. § 1112(b) requires a judicial determination that cause exists. See 11 U.S.C.A. § 1112(b) (2004).

C.     Inadvertence

In considering judicial estoppel in the context of a prior bankruptcy case, the debtor's failure to disclose assets is inadvertent only when the debtor lacks knowledge of the undisclosed claim or has no motive for their concealment. In re Coastal Plains, Inc.,

8

179 F.3d at 208; Brown, 178 S.W.3d at 381. In the present case, Arthur Jackson's deposition testimony makes clear that he was aware of the claims against H&C during the pendency of the bankruptcy. Further, the Jacksons had a motive to conceal their claims against H&C as their failure to disclose the claims would prevent any future recovery from inuring to the benefit of their creditors, if the requested reorganization had been approved. See Reagan v. Lynch, 524 S.E.2d 510, 512 (Ga.App. 1999). Therefore, the evidence establishes, as a matter of law, that the Jacksons' failure to disclose their claims against H&C was not inadvertent.

Public Policy

The Jacksons contend that the public policy for the doctrine of judicial estoppel would not be served by application of the doctrine in this case. The policies to be served by the doctrine of judicial estoppel include "preventing internal inconsistency, precluding litigants from playing fast and loose with the courts, and prohibiting parties from deliberately changing positions according to the exigencies of the moment." U.S. v. McCaskey, 9 F.3d 368, 378 (5th Cir. 1993). The Jacksons contend that they did not gain an unfair advantage nor play fast and loose with the courts because they did not receive the benefit of a discharge from their bankruptcy.

However, even though the bankruptcy was dismissed without the confirmation of a plan of reorganization or other discharge, the Jacksons derived an unfair advantage by their failure to disclose their claims against H&C because, while the bankruptcy was pending, the Jacksons' creditors were prevented from attempting to collect their debts.

9

See Brown, 178 S.W.3d at 381. Further, as addressed above, the Jacksons' intent to play fast and loose with the courts may be inferred from their knowledge of the claims during the pendency of the bankruptcy and from their motive to conceal the claims. In re Coastal Plains, Inc., 179 F.3d at 208; Brown, 178 S.W.3d at 381. As a result, we conclude that the public policy behind the doctrine of judicial estoppel will be served by application of the doctrine in the present case.

Conclusion

Concluding that H&C has established each element of their affirmative defense as a matter of law, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice