COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| VINCENT G. GARCIA, | | No. 08-10-00212-CV |
|  | § | |
| Appellant, | | Appeal from |
|  | § | |
| v. | | 365th District Court |
|  | § | |
| BNSF RAILWAY COMPANY, | | of Maverick County, Texas |
|  | § | |
| Appellee. | § | (TC # 08-06-23643-MCVAJA) |

**O P I N I O N**

Vincent G. Garcia appeals from a summary judgment granted in favor of BNSF Railway Company.  For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On June 20, 2008, Garcia filed suit against BNSF under the Federal Employer's Liability Act (FELA) alleging he suffered an on-the-job injury in March 2008.  The suit sought damages within the jurisdictional limits of the court for pain and suffering, mental anguish, lost wages, and medical expenses.  On February 3, 2009, Garcia filed a Chapter 13 bankruptcy petition in federal court.  He also filed a Schedule of Personal Property in which he disclosed that he had a claim against BNSF for wrongful termination valued at $192,000.  But he failed to disclose his personal injury suit.  On February 20, 2009, Garcia filed a Statement of Financial Affairs with the bankruptcy court which, among other things, required him to list "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."  The Statement of Financial Affairs required Garcia to disclose the caption of the suit and case number, the nature of the proceedings, the court or agency and

location, and the status or disposition of the case. Garcia disclosed that he had filed a personal injury suit against Penoles Chemical in Maverick County and the case had been settled in 2008. He again failed to disclose his pending personal injury suit against BNSF. On February 20, 2009, Garcia filed his Chapter 13 plan which established a monthly payment of $640 per month for sixty months.

At the first meeting of creditors on March 25, 2009, Garcia advised he could not work due to a leg injury and the trustee asked Garcia whether his failure to make the first payment was because he was not working. Garcia explained that he did not know he was supposed to make the payment in the form of a money order. When asked whether he had reviewed all of the bankruptcy documents before filing, Garcia testified that he had and that everything was true and correct to the best of his knowledge. Even though he had just testified about his leg injury and his suit against BNSF for wrongful termination, he told the trustee that no changes needed to be made to the petition. The trustee also informed Garcia that one of his creditors had brought an arrearage claim that made his proposed plan infeasible such that his payment would be $1,661 instead of $640. On May 5, 2009, the bankruptcy court dismissed Garcia's bankruptcy case because he had failed to obtain confirmation. In his motion to reconsider, Garcia claimed he could not obtain confirmation because he had been temporarily unemployed and could not make the payments. But his circumstances had since changed and he could now meet his obligations. The federal court denied the motion.

On September 14, 2009, BNSF filed a motion for summary judgment on the ground of judicial estopped because Garcia had not disclosed his personal injury claim in the bankruptcy proceedings. Garcia filed a second petition for Chapter 13 bankruptcy on December 1, 2009, and he listed a "pending lawsuit with railroad" on Schedule B. In his summary judgment response,

Garcia asserted that his failure to include his personal injury suit was inadvertent and he had not adopted a clearly inconsistent position to gain an unfair advantage by non-disclosure. He also maintained that he had not prevailed in his bankruptcy proceeding because his petition was involuntarily dismissed. In his affidavit attached to the summary judgment response, Garcia averred that he did not understand that his pending lawsuit should have been listed under contingent assets, but that he made his bankruptcy attorney aware of the suit after counsel had prepared the petition. But his summary judgment response did not include any evidence that he had filed a second bankruptcy petition which listed the suit against BNSF as a claim. The trial court granted BNSF's motion for summary judgment on April 1, 2010.

On May 3, 2010, Garcia filed an unverified motion for new trial alleging he had "newly discovered evidence" that his claim had been listed in the bankruptcy filings. The motion stated that a copy of the filing was attached as Exhibit A, but the motion had no attachments. Garcia filed an amended motion for new trial on May18, 2010 which included a copy of the Chapter 13 bankruptcy petition filed by Garcia on December 1, 2009. The petition included Schedule B which listed a "pending lawsuit with railroad" as a contingent and unliquidated claim. At the hearing on the motion for new trial, the court concluded that it did not have jurisdiction to consider the matters raised by the amended motion for new trial because it was not filed within thirty days after the judgment.

# JUDICIAL ESTOPPEL

In his sole issue for review, Garcia contends that the trial court erred by granting summary judgment on the ground of judicial estoppel because BNSF failed to conclusively establish each element of the defense.

## Standard of Review

We review the trial court's grant of a summary judgment *de novo*. *Ferguson v. Building Materials Corporation of America*, 295 S.W.3d 642, 644 (Tex. 2009). In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006)(per curiam). Further, we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004). The scope of our review is limited to the summary judgment record upon which the trial court's ruling was based. *Young v. Gumfory*, 322 S.W.3d 731, 738 (Tex.App.--Dallas 2010, no pet.).

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant moving for summary judgment based on an affirmative defense must conclusively prove all of the elements of the affirmative defense. *Frost National Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *KPMG Peat Marwick v. Harrison County Housing Finance Corporation,* 988 S.W.2d 746, 748 (Tex. 1999).

## Elements of Judicial Estoppel

Both parties have briefed the judicial estoppel issue based on federal law. Garcia filed suit in state court against BNSF under FELA. Accordingly, we will apply federal law when examining whether BNSF established its right to summary judgment on the affirmative defense

of judicial estoppel. *See Mitchell v. Missouri-Kansas-Texas R.R. Co.*, 786 S.W.2d 659, 661-62 (Tex. 1990)("While federal law governs the substantive rights of the parties in FELA cases, procedural matters are governed by applicable state rules when tried in state court."), *overruled on other grounds, Union Pacific R.R. Co. v. Williams*, 85 S.W.3d 162, 169 (Tex. 2002).[1]

Judicial estoppel is a common law doctrine utilized to prevent a party from asserting a claim in a legal proceeding that is inconsistent with position taken by that party in a previous proceeding. *See New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 1814, 149 L.Ed.2d 968 (2001); *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999). The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self-interest. *Coastal Plains*, 179 F.3d at 205. The Fifth Circuit has identified three elements that must be satisfied in order for judicial estoppel to apply in a case where the prior statement was made in a bankruptcy proceeding: (1) the party's position is clearly inconsistent with the previous one; (2) the court accepted the previous position; and (3) the non-disclosure was not inadvertent. *Kane v. National*

---

[1] Under state law, the elements of judicial estoppel are (1) a sworn, inconsistent statement made in a prior judicial proceeding; (2) the successful maintenance of the contrary position in the prior action; (3) the absence of inadvertence, mistake, fraud, or duress in the making of the prior statement; and (4) the statement was deliberate, clear, and unequivocal. *Pagosa Oil and Gas, L.L.C. v. Marrs and Smith Partnership*, 323 S.W.3d 203, 218 (Tex.App.--El Paso 2010, pet. denied); *Andrews v. Diamond, Rash, Leslie & Smith*, 959 S.W.2d 646, 650 n.2 (Tex.App.--El Paso 1997, writ denied); *Huckin v. Joseph P. Connor and Stern, Flanz, Carnley and Wilson, P.C.*, 928 S.W.2d 180, 182-83 (Tex.App.--Houston [14th Dist. 1996], no writ). In *Ferguson v. Building Materials Corporation of America*, 276 S.W.3d 45, 49 (Tex.App.--El Paso 2008), *rev'd,* 295 S.W.3d 642 (Tex. 2009), we applied federal law because judicial estoppel had been raised against a party who made an inconsistent statement in a prior bankruptcy proceeding. Several other intermediate appellate courts have likewise applied federal law to the issue. *See e.g., Bailey v. Barnhart Interest, Inc.*, 287 S.W.3d 906, 910 (Tex.App.--Houston [14th Dist.] 2009, no pet.); *Jackson v. Hancock & Canada, L.L.P.*, 245 S.W.3d 51, 55-57 (Tex.App.--Amarillo 2007, pet. denied); *Cricket Communications, Inc. v. Trillium Industries, Inc.*. 235 S.W.3d 298, 304 (Tex.App.--Dallas 2007, no pet.); *Brown v. Swett & Crawford of Texas, Inc.*, 178 S.W.3d 373, 380-81 (Tex.App.--Houston [1st Dist.] 2005, no pet.); *Cleaver v. Cleaver*, 140 S.W.3d 771, 774-75 (Tex.App.--Tyler 2004, no pet.); *Dallas Sales Company, Inc. v. Carlisle Silver Company, Inc.*, 134 S.W.3d 928, 931-33 (Tex.App.--Waco 2004, pet. denied); *Thompson v. Continental Airlines*, 18 S.W.3d 701, 703-05 (Tex.App.--San Antonio 2000, no pet.). In reversing our decision in *Ferguson*, the Texas Supreme Court did not expressly disapprove of our application of federal law, but the Court restricted its analysis to the elements of judicial estoppel as stated in *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1 (Tex. 2008) and *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292, 295 (1956). *Ferguson*, 295 S.W.3d at 643-44. In the instant case, however, we are applying federal substantive law because Garcia filed suit under FELA in state court, not because he made the prior statement in a bankruptcy proceeding.

*Union Fire Insurance Company*, 535 F.3d 380, 385-86 (5th Cir. 2008); *Coastal Plains*, 179 F.3d at 205.

*Clearly Inconsistent Statement*

The Bankruptcy Code imposes a duty on a debtor to disclose all assets including contingent and unliquidated claims. 11 U.S.C. §521(a)(1)(West Supp. 2011); *Coastal Plains*, 179 F.3d at 207-08. A debtor's duty to disclose is a continuing duty and requires that the debtor disclose all potential causes of action. *Id.* The evidence conclusively establishes that Garcia did not disclose the personal injury suit against BNSF in the Schedule of Personal Property or the Statement of Financial Affairs. Thus, BNSF met its burden of establishing that Garcia took a clearly inconsistent position in the bankruptcy proceeding.

*Acceptance by the Bankruptcy Court*

The Supreme Court has noted that courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. *New Hampshire v. Maine*, 532 U.S. at 750, 121 S.Ct. at 1815. The Fifth Circuit recently characterized "the contours of [its] judicial-acceptance requirement as vague", but noted that it had usually required that the prior court actually accept the party's earlier position either as a preliminary matter or as part of a final disposition. *Hopkins v. Cornerstone America*, 545 F.3d 338, 348 n.2 (5th Cir. 2008). The court observed that the Supreme Court appeared to approve of this actual-acceptance approach in the *New Hampshire* decision. *Id.*

Garcia contends that the bankruptcy court never accepted his non-disclosure because the court dismissed his bankruptcy proceeding when he failed obtain confirmation of his plan.

BNSF counters that the bankruptcy trustee accepted the non-disclosure when it entered a payment plan based on the assets Garcia represented were part of his bankruptcy estate.

At the first meeting of creditors on March 25, 2009, Garcia told the trustee in response to direct questioning that he had reviewed all of the bankruptcy documents prior to filing and they were true and correct to the best of his knowledge. He also told her that no changes needed to be made. The trustee informed Garcia that one of his creditors had brought an arrearage claim that made his proposed plan infeasible with the result that his payment would not be at the proposed amount of $640 but would be $1,661. This is evidence that the trustee accepted Garcia's representation regarding his assets as a preliminary matter because the trustee formulated a new payment amount. *See Brown v. Swett & Crawford of Texas, Inc.*, 178 S.W.3d 373 (Tex.App.-- Houston [1st Dist.] 2005, no pet.)(where plaintiff sued former employer to recover of $79,000 bonus, defendant raised judicial estoppel because plaintiff had failed to include claim as an asset; court of appeals rejected plaintiff's argument that bankruptcy court did not accept his prior position because the court dismissed the bankruptcy petition; court of appeals concluded that bankruptcy court accepted debtor's position that he had assets under $50,000 because the trustee concluded that there were no assets to administer for the benefit of the creditors of the bankruptcy estate). We conclude that BNSF conclusively established this element.

*Non-Disclosure was not Inadvertent*

The debtor's failure to satisfy its statutory disclosure duty is inadvertent only when the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment. *Coastal Plains*, 179 F.3d at 210. It is undisputed that Garcia had knowledge of his claim because he filed suit several months before he filed his bankruptcy petition. Garcia claims that he informed his attorney about the personal injury suit and the attorney failed to include it in the

bankruptcy documents. He also asserts that he called his attorney several times to call this issue to his attention, yet Garcia told the trustee at the first meeting of creditors that he had reviewed the bankruptcy documents and they were correct to the best of his knowledge. He did not mention the existence of the personal injury suit at any point during the first meeting of creditors even though Garcia knew it had not been disclosed.

Garcia also had a motive for concealment because he would "reap a windfall" if he recovered on the claim without having it disclosed to his creditors. *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004)(debtors had motivation to conceal claim because they would have received a windfall if they had been able to recover on claim without having disclosed it to their creditors). There is evidence in the record supporting an inference that Garcia understood the significance of not disclosing the claim. Garcia disclosed his claim against BNSF for wrongful termination but listed it as exempt property. At the first meeting of creditors, the trustee informed Garcia that the claim was not exempt so in the event he prevailed anything he received would come into the plan and would "add to your base." Garcia stated: "Okay. So then, I would be entitled to absolutely nothing is what you're saying." We conclude that the summary judgment evidence established that Garcia's failure to disclose his personal injury claim was not inadvertent. We overrule Garcia's sole issue and affirm the trial court's judgment.

February 22, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.