NO. 07-11-0368-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 15, 2012
_____

B.C. PHILLIPS AND WIFE, BARBARA PHILLIPS,

Appellants

v.

FLYING J INC. AND CHLOE PURIFOY,

Appellees
_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-550,756; HONORABLE WILLIAM C. SOWDER, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

B. C. Phillips and his wife Barbara Phillips (the Phillips) appeal from a summary judgment. The two litigants had sued Flying J Inc. and Chloe Purifoy (collectively referred to as Flying J) to recover damages purportedly suffered by B. C. when he slipped and fell at one of Flying J's gas stations. Once issue was joined, Flying J moved for summary judgment, contending that the Phillips were judicially estopped from pursuing the claim since they failed to disclose it as an asset in their Chapter 13 bankruptcy schedules. The trial court granted the motion and entered judgment

denying the Phillips any recovery against the movants. Three issues pend before us and all involve the propriety of the summary judgment. Allegedly, Flying J did not establish, as a matter of law, the affirmative defense of judicial estoppel; and the trial court improperly acted as a factfinder. We reverse.

### *Facts*

The following facts are undisputed. First, the Phillips sought bankruptcy relief under Chapter 13 of the United States Bankruptcy Code. Second, their payment plan was confirmed in October of 2005. Third, B. C. purportedly fell on Flying J's property on December 15, 2009, while the bankruptcy remained pending. Fourth, B. C. admitted to contacting legal counsel on December 16, 2009, to discuss a possible suit against Flying J. Fifth, the Phillips moved to modify their bankruptcy payment plan on January 20, 2010, to reduce the debt payable to their creditors under the plan. Sixth, the reasons given to justify the modification consisted of B. C. a) falling "in the process of fueling his truck," b) "breaking his hip," c) suffering a stroke the next day, d) suffering paralysis as a result of the stroke, and e) being unable to operate the debtors' business, which business was their "sole source of income." Seventh, on February 1, 2010, the Phillips sued Flying J for negligence because the company left a water faucet on in freezing weather and for the recovery of damages purportedly arising from B. C. slipping on the frozen water. Eighth, on February 26, 2010, the bankruptcy court granted the request to "decrease" the plan base (or payments due under the previously confirmed plan) "as proposed by the Debtor(s)," because "it appear[ed] that the circumstances of the Debtor(s) warrant providing for a decrease in plan base." Ninth, no mention was made in the motion to modify of Flying J, the fall occurring on Flying J's

2

property, or the fall allegedly being caused by Flying J allowing its water faucet to run during freezing weather. Tenth, on March 5, 2010, the bankruptcy court discharged the Phillips of their debts.

### *Discussion*

Flying J moved for summary judgment on the basis of judicial estoppel. The doctrine allegedly applied because the Phillips had a continuing obligation to update or amend their bankruptcy schedules or otherwise reveal newly acquired assets, and they said nothing about the cause of action against Flying J in any of those documents.

It is true that judicial estoppel may be invoked to deny plaintiffs the opportunity to prosecute claims they failed to disclose during their bankruptcy. *Jackson v. Hancock & Canada, L.L.P.,* 245 S.W.3d 51, 55 (Tex. App.–Amarillo 2007, pet. denied). It is also true that judicial estoppel is an affirmative defense. *Id* at 54-55. Thus, Flying J, as the defendant invoking the doctrine, had the obligation to prove each element of the affirmative defense, as a matter of law, to win summary judgment. *Randall's Food Mkts, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex. 1995). It attempted to meet that burden by supplying a copy of the motion to modify the payment plan and arguing, via the body of the summary judgment motion, that the Phillips' bankruptcy schedules said nothing of the claim. The only schedules appearing of record, however, were schedules "I" and "J," which list the debtors' "current income" and "current expenditures," respectively. We find in the record neither the schedule of assets and liabilities (or debts) which a debtor is statutorily required to file. 11 U.S.C.A. § 521(a)(1)(B)(i) (Supp. 2012). Nor do we find any admissible evidence suggesting that those schedules were never amended. Instead, Flying J's attorney simply stated as much in the body of a motion for summary

3

judgment. Moreover, the statement was unsworn and falls short of constituting competent evidence. *See Alaniz v. Rebello Food & Bev., L.L.C.,* 165 S.W.3d 7, 15 n.12 (Tex. App.–Houston [14th Dist.] 2005, no pet.) (stating that an unsworn transcript is not evidence).

Similarly missing is any admission or concession by the Phillips that their suit against Flying J was omitted from any bankruptcy schedule. They merely contended that it was implicitly disclosed in their motion to modify the plan. But, unless they had some duty to disclose it in that particular motion as opposed to some bankruptcy schedule, omitting it from that document does not permit us to conclude that they failed to disclose it as required by bankruptcy law. It may have been disclosed elsewhere. And, no one argues, much less cites us to an authority holding that additional assets must be disclosed in a motion to modify, as opposed to a schedule of assets or an amendment thereof.

Simply put, Flying J did not carry its burden to prove its allegation that the suit was not disclosed. It may well be that it was not. However, that is a factual issue that must be proven by competent evidence, not through a mere unsworn utterance. More importantly, the Phillips had no burden to prove otherwise or even say anything until the summary judgment movant carried its burden. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979) (stating that the party filing a traditional motion for summary judgment has the burden to prove his contention as a matter of law irrespective of whether the non-movant files a response).

In sum, we do not say that Flying J is wrong, but only that it failed to prove, as a matter of law, that it was right. We reverse the summary judgment and remand the cause.

Per Curiam